·Patrick E. PATTERSON; Kris
Lynn-Patterson, individuals,
Plaintiffs-Appellants,

v.

AMERICAN ECONOMY INSURANCE
COMPANY, a Corporation,
Defendant-Appellee.

No. 16-16445

United States Court of Appeals,
Ninth Circuit.

Filed February 05, 2018

Submitted November 17, 2017 *
San Francisco, California

Quentin Cedar, Attorney, James Hugh
Wilkins, Attorney, Wilkins Drolshagen &
Czeshinski, Fresno, CA, for Plaintiffs-Appellants

Gary A. Hamblet, Attorney, Morris Polich & Purdy LLP, Los Angeles, CA, for
Defendant-Appellee

Before: RAWLINSON and BYBEE,
Circuit Judges, and FRIEDMAN,** ·
District Judge.

MEMORANDUM ***

Appellants Patrick E. Patterson and
Kris Lynn-Patterson (Pattersons) appeal
the district court's grant of summary judgment in favor of Appellee American Econ-omy Insurance Company (AEIC). We affirm the district court's judgment.

The insurance policy provided that
AEIC would compensate the Pattersons
for "loss or damage in any one occurrence." The policy declarations contained a
Limits of Insurance provision capping losses for ι "business personal property" at
$103,000. The Pattersons sought compensation for several instances of property
theft from the same storage facility occurring over the course of several days. The
record reflects that the same individual
was responsible for the series of thefts.
AEIC agreed to pay the maximum
$103,000 as provided in the Limits of Insurance provision based on a single occurrence.

Under California insurance law, "when a
scheme to steal property is the proximate
and continuing cause of a series or combinations of thefts, the losses for liability
insurance purposes constitute part of a
single occurrence." *Eott Energy Corp. v.
Storebrand Int'l Ins. Co.*, 45 Cal. App. 4th
565, 576, 52 Cal.Rptr.2d 894 (1996) (citations omitted). As a result, the district
court correctly ·concluded that the thefts
constituted a single occurrence, and AEIC
was not required to provide additional
compensation to the Pattersons beyond the
policy limits for a single occurrence. *See
id.* The district court properly denied relief
on the claim for breach of the insurance
contract.

The district court also properly granted
summary judgment on the Pattersons'
claim for breach of the implied covenant of
good faith and fair dealing because AEIC
reasonably denied additional compensation

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R. App. P. 34(a)(2).
** The Honorable Paul L. Friedman, United
  States District Judge for the District of Co-
  · lumbia, sitting by designation.

*** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by Ninth Circuit Rule 36-3.

for the property theft under California law. *See id.* at 577-78, 52 Cal.Rptr.2d 894; *see also Tilbury Constructors, Inc. v. State Comp. Ins. Fund*, 137 Cal. App. 4th 466, 475, 40 Cal.Rptr.3d 392 (2006) (explaining that "there are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause") (citation omitted).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.